RAILSBACK *v.* KOONS.

A party is not required, in answering interrogatories, to confine himself to a simple and unexplained negative or affirmative response to questions thus put to him; but he may give such explanations, and state such circumstances, as are necessary to a full and fair understanding of the matters on which he is interrogated.

APPEAL from the *Wayne* Circuit Court.

Railsback *v.* Koons.

*Per Curiam.*—Action by *Koons* against the appellants, upon the following contract, viz:

"An agreement made and entered into this day between *Enoch Railsback* and *Jehiel Railsback*, of the county of *Wayne*, and State of *Indiana*, of the one part, and *Benjamin Koons*, of the county and State aforesaid, of the second part, witnesseth: The said parties of the first part agree to sell and deliver to the said party of the second part, one hundred head of fat hogs, to average two hundred and twenty pounds or upwards, net, at ($5 50) 5 dollars and fifty cents per hundred pounds net; the said hogs to be delivered at the *Richmond Depot*, on the 10th to the 15th days of *December*, 1859. The said *Koons* agrees to pay the said parties as above stated, and pay ($100) 100 dollars down, ($400) 400 dollars on the first day of *January*, 1859, and the balance when the hogs are delivered. Witness our hands this first day of *December*, 1858.

ENOCH RAILSBACK.

JEHIEL RAILSBACK.

BENJAMIN KOONS."

This agreement was modified by a subsequent agreement between the parties, as follows:.

"RICHMOND, *January 19th*, 1859.

"We, *Enoch* and *Jehiel Railsback*, have this day sold to *Benjamin Koons* one promissory note, executed by *Bernard Toschlog*, dated *February* 22d, 1858, due the 25th day of *December*, 1859, for the sum of 1,000 dollars, with interest from date, payable to the said *Enoch* and *Jehiel Railsback*, which we hereby agree to take back of the said *Koons*, if not paid by the said *Toschlog* when matured, in payment as far as it may pay towards a certain lot of hogs which we have agreed to sell and deliver to said *Koons* in *December*, 1859, allowing him the full amount of principal and interest up to the time of our settlement.

JEHIEL RAILSBACK,

ENOCH RAILSBACK."

It is averred that the plaintiff paid the 100 dollars to be paid down, and was ready and willing to receive and pay for the hogs in accordance with the terms of the modified agreement, but that the defendant failed and refused to deliver them; that the note against *Toschlog* remains wholly unpaid, and the plaintiff brings it into Court, &c.

The complaint is objected to on the ground that as the hogs were not delivered, the 1,000 dollar note could not be made available to show a compliance with the contract on the part of the plaintiff. Or, in other words, as the appellant's counsel have stated the proposition, "the second agreement would render the 1,000 dollar note a good payment on the hogs if they had been delivered; but as they were not delivered, the remedy then was on the note."

We are inclined to think, that as the defendants agreed upon the note not being paid at maturity, to receive it back in payment for the hogs, the plaintiff had the right to discharge his part of the contract by the note, although the hogs were not delivered.

The defendant pleaded, amongst other things, that the plaintiff did not pay the 400 dollars as provided for in the original agreement. A demurrer was correctly sustained to this paragraph of the answer. It is obvious that the second agreement changed the mode and time of payment, and amounted to a waiver of the 400 dollar payment, as originally stipulated for.

There was a trial by the Court; finding and judgment for the plaintiff.

The defendant propounded to the plaintiff the following interrogatories:

"1st. State whether more than 88 dollars was paid by you to the defendants on said contract, on *December* 6th, 1858, and for which said 100 dollar receipt was given, and if so, state

Railsback *v.* Koons.

what amount was paid, and whether said 100 dollars was paid, and if not, what portion of it.

"2d. State whether you ever paid defendant more than 850 dollars on said *Toschlog* note, and if so, what amount did you pay, and when."

To these interrogatories the plaintiff answered as follows:

"To the first he admits he only paid 88 dollars for the 100 dollar receipt, *and the reason was this:* the defendants wanted some money on the proposed hog contract, which was finally consummated on the first of *December*, 1859, and, as an inducement to get the respondent to agree to give 5 dollars and 50 cents per hundred for their hogs, promised to allow the respondent a per cent. on advancements equal to bank interest, and gave him the 100 dollar receipt for 88 dollars."

In reply to the second, the respondent says, that after the payment of the first installment, as aforesaid, the defendant, *Enoch Railsback*, appeared anxious to get more money than the second installment of 400 dollars on the agreement mentioned, and proposed to sell the respondent the *Toschlog* note of 1,000 dollars; and finally proposed that if the defendant would pay him 850 dollars for the note, the 400 dollar installment, which was to be paid on the first day of *January*, 1859, might be waived and merged into the note trade. In pursuance of this agreement, the *Toschlog* note was purchased, for which the respondent agreed to pay 850 dollars; and the defendants, as an indemnity, entered into the agreement of date the 19th of *January*, 1859, set forth in the complaint. About 700 dollars, perhaps 750, were paid the 19th of *January*, 1859, and the balance in a few days afterwards.

The defendants moved to strike out of the answer to the first interrogatory that part commencing with, and following the words, "and the reason was this," as not being responsive, &c.

They moved also to strike out all of the answer to the sec-

Railsback v. Koons.

ond, because, pretending to answer the interrogatory, the plaintiff interweaves with his answer matters which he has no right to embrace therein.

These motions were overruled, and exception taken.

These rulings of the Court we regard as correct. The answers were responsive to the interrogatories, clearly admitting that only 88 dollars was paid in the one case, and 850 dollars in the other. But a party is not bound to confine himself, in answering interrogatories, to a simple and unexplained negative or affirmative response to questions thus put to him. He may give such explanations, and state such circumstances, as are necessary to a full and fair understanding of the matters upon which he is interrogated. Indeed, the statute provides that he may state in his answer "all relative matters in avoidance." Code, sec. 303.

The hogs, at the weight and price stipulated for, would amount to 14 dollars more than the 88 dollar payment, (which was all the Court allowed in respect to a receipt given for 100 dollars, as the first payment on the contract), and the *Toschlog* note and interest. It is objected that there is no proof that the plaintiff was ready and willing to make the payment of this balance of 14 dollars, had the hogs been delivered.

There is no direct proof on this point, but there are facts in the case from which it might be inferred, and we are not disposed to disturb the finding of the Court below in this respect.

The judgment is affirmed, with costs.

*J. P. Siddall* and *J. Railsback*, for the appellant.

*John Yaryan*, for the appellee.